MARLIN GROCERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15384.   Promulgated March 26, 1929.

*A. C. Upleger, C. P. A.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

MILLIKEN: No question is raised as to the qualifications of the persons taking the cattle inventory, nor is it claimed by respondent that the inventory was incorrect according to the method used. Respondent claims, however, that as petitioner's grocery stock was inventoried on the cost basis that its cattle must also be inventoried on the same basis, and further that the cattle did not represent a stock in trade or a separate business but was an investment asset and a loss thereon could not be taken or deducted until there was a sale and the loss realized.

The Board has held in a number of cases that uniformity in the taking of inventories and the method used is of more importance than any particular method so long as that adopted clearly reflected income, and that the Commissioner is not justified in changing a taxpayer's inventory from a market to a cost basis, where the former had uniformly been used.

In this case, we think it clear that the petitioner was engaged in two separate businesses and that for a number of years it had taken inventories of each by the method which best suited that character of business, and clearly reflected its income.

In *Karges Hosiery Co.*, 8 B. T. A. 767, the petitioner had consistently taken its inventory at "cost or market, whichever is lower" and the Commissioner changed this to cost. The Board held this improper and said in part:

The point involved in this proceeding, namely, whether the inventory at December 31, 1920, was taken upon a proper basis, was substantially covered by the Board in *Appeal of Thomas Shoe Co.*, 1 B. T. A. 124. In that case it was held that inventories used in computing the cost of goods sold must be computed both at the beginning and end of each year on substantially the same basis. At page 127 the Board said:

"Even if the entire practice of the taxpayer had been erroneous, if the discounts were in fact cash discounts, the Commissioner clearly erred in insisting upon a change in method at the close of the year without making and allowing a compensatory change at the beginning. What the inventory practice is, is of some importance; that the practice should be uniform is of the highest importance."

In this proceeding there is no contention that the basis of cost attempted to be reached by the respondent is the same basis upon which the inventory was taken at the close of the preceding year. The evidence of record indicates that the respondent's agent who investigated the taxpayer's books of account refused to consider an adjustment of the inventory at the close of 1919 for the reason that the statute of limitations had operated to bar the assessment of any additional tax if such might be found for that year.

In *Appeal of The Buss Company*, 2 B. T. A. 266, the Board said at page 267:

"The sole purpose of inventory valuation is to reflect income as clearly as possible. The result of the Commissioner's computation is obviously to distort the true situation, * * * However faulty the taxpayer's method was, we believe that greater weight should be given to consistency than to any particular method of inventorying or basis of valuation so long as the method or basis used substantially reflects the income. This rule has been given great weight both by the Commissioner and the Board. *Appeal of The Thomas Shoe Company*, 1 B. T. A. 124, and *Appeal of George C. Peterson Co.*, 1 B. T. A. 690."

See also *Appeal of C. Willenborg & Co.*, 5 B. T. A. 788.

Relative to the suggestion of respondent that cattle being raised for market are not proper subjects for inventory, reference is made to the case of *Elmer R. Wallingford*, 4 B. T. A. 634, in which it was held that the petitioners may reflect in their 1920 returns the decrease in the value of their cattle during the year where they were not sold. The Board said:

The petitioners claim the right to deduct from their gross income for 1920 the shrinkage in value of cattle in that year. They seek to take this deduction by subtracting the closing inventory from the opening inventory for the year. * * * The only witness in this case, C. A. Wallingford, has been engaged in dealing in cattle for thirty years or more, and we believe from his testimony that he is qualified to testify to the value of the cattle which he and his brother owned in 1920. Not only did the cattle decrease in value during 1920 from $35,000 to $22,500, but this decrease was reflected on C. A. Wallingford's books in that year which carried the joint account of the brothers, and was also shown in the returns filed. Accordingly, we are of the opinion that the petitioners are entitled to the deduction claimed.

Cf. *Pevely Dairy Co.*, 1 B. T. A. 385; *E. T. Bamert*, 8 B. T. A. 1099.

In *Joseph Stern*, 14 B. T. A. 838, a partnership carried on two distinct businesses of a different character. One, a merchandizing business, and the other, buying and selling of lands. Separate systems of accounting were used in each business, the accrual systems for the former and the cash receipts and disbursements basis for the latter. It was contended by the respondent that this was improper

and that both accounting systems should be on the same basis. In holding the methods of accounting proper we said:

We have held on various occasions heretofore that a business can not keep its books on a hybrid basis, partially cash and partially accrual. See *Comstock-Castle Stove Co.*, 4 B. T. A. 114, and *Maine Dairy Co.*, 4 B. T. A. 375. The reason for such holding was that such a method resulted in a distortion of income as not being a regular and consistent method but leaving it uncertain as to how various items might be treated, and making it difficult, if not impossible, to verify the correctness of the result.

However, the case before us is wholly different. Here, we have two distinct businesses of an entirely different character, owned by the same individuals but operated independently and keeping separate accounts. The basis of the conclusion reached by us in the cases cited above was the necessity to require methods of accounting which would clearly reflect income. To so construe those decisions as to lay down a hard and fast rule requiring every business owned by the same individual or the same partnership to use the same method of accounting irrespective of whether it correctly reflects income would be to defeat the object sought.

In the case before us the two businesses are distinct, separate, and of different character, and maintain separate accounts. We see no objection to the accounts of the coal-land business being kept on a cash basis if its income was thereby correctly reflected, and in determining whether or not that was the case it must be kept in mind that the accounts in question have been kept on this basis for many years and the fact that it was the regular, established, and consistently followed method, is not disputed. Unless it is clear that it did not accurately reflect the income received it should not be disturbed.

On this question we have considered the evidence carefully and can find no indication that the cash method was not a correct and proper one for this coal-land business. We can not assume that it was incorrect merely because some of the items of expense paid in one year are shown to have been liabilities of prior years. The character of the business as shown by the proof is such as to indicate that the method used was the proper one. * * *

We think the opinion in the *Stern* case, *supra*, applies here. In this case, as in that, there were two distinct businesses. It further appears that the method used in inventorying the cattle was one in general use, suitable to the business, and it is not contended that it did not clearly reflect income. If different systems of accounting may be used in different businesses owned by the same taxpayer, it follows that different methods of taking the inventory may be used in each different business, provided it has been consistently followed and clearly reflects income. The loss on cattle as shown by the inventory, to wit, $4,450, was a deductible loss for 1921 and respondent erred in not allowing it.

*Judgment will be entered under Rule 50.*